IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **SHERRI WEST,** *on behalf of herself and all others similarly situated,* </br></br>　　**Plaintiff,** </br></br>v. </br></br>**WILCO LIFE INSURANCE COMPANY, f/k/a CONSECO LIFE INSURANCE COMPANY,** </br></br>　　**Defendant.** | **NO. 3:20-cv-00464** </br></br>**JUDGE CAMPBELL** </br>**MAGISTRATE JUDGE FRENSLEY** |

## MEMORANDUM

Pending before the Court is Defendant's Motion to Transfer Venue, or, Alternatively, to Dismiss for Lack of Personal Jurisdiction (Doc. No. 16) and supporting exhibits (Doc. No. 17). Plaintiff filed a response (Doc No. 24) with supporting exhibits (Doc. No. 25). Defendant filed a reply. (Doc. No. 33).

For the reasons stated herein, the Court will **GRANT** the motion to transfer venue and **TRANSFER** this case to the Southern District of Indiana.

### I.　BACKGROUND

Defendant Wilco Life Insurance Company ("Wilco Life") is an Indiana corporation, wholly owned by Wilton Reassurance Company ("Wilton Re"), a Minnesota corporation with headquarters in Norwalk, Connecticut. (Compl., Doc. No. 1, ¶¶ 21, 23-24). Wilton Re acquired Wilco Life in 2014. (*Id.*, ¶ 24; *see also*, Treglia Decl., Doc. No. 17-1, ¶ 3). Before the 2014 acquisition, the company that is now Wilco Life was named Conseco Life Insurance Company

("Conseco Life")[1] and was owned by CNO Financial Group, Inc. ("CNO Financial"). (Doc. No. 1, ¶ 24; Treglia Decl., ¶¶ 3-4). Conseco Life, CNO Financial, and the administrative operator CNO Services, LLC, had operations and corporate headquarters in Carmel, Indiana. (Treglia Decl., ¶ 4). CNO Financial and CNO Services remain headquartered there. (*Id.*).

Plaintiff Sherri West purchased a universal life insurance policy from Conseco Life in 2001. (Doc. No. 1, ¶¶ 18-20). In 2011, Conseco Life increased the Cost of Insurance ("COI") rate and expense charges for her policy. (Doc. No. 1, ¶ 4). Plaintiff alleges the increase was made for "impermissible purposes" to "substantially increase profits and recover past loses and expenses, including to recoup hundreds of millions of dollars squandered through egregious self-dealing within [the CNO Financial] family; to recover hundreds of millions of dollars paid to settle civil lawsuits and regulators actions involving similar unlawful tactics alleged by Ms. West here; and to offset the effects of past interest rate spread compression (or the amount [the company] earned on its portfolio of investments compared to the amount it pays in guarantees to its policyholders)." (*Id.*). Plaintiff brings this putative class action on behalf of herself and a nationwide group of policyholders who were subjected to the 2011 COI rate increase. (Doc. No. 1, ¶ 135).

## II. ANALYSIS

Defendant seeks to transfer venue to the Southern District of Indiana under 28 U.S.C. § 1404, for the convenience of the parties and witnesses, or alternatively to dismiss the case for lack of personal jurisdiction. The Court will initially consider the issue of transfer rather than dismissal based on lack of personal jurisdiction because transfer "serves the ultimate goal of allowing cases to be decided on their substantive merits, as opposed to being decided on procedural grounds." *Flynn v. Greg Anthony Constr. Co., Inc.,* 95 Fed. Appx. 726, 741 (6th Cir. 2003); *see*

---

[1] In 2015, Conseco Life changed its name to Wilco Life Insurance Company. (Doc. No. 1, ¶ 24).

*also Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 466-67 (1962) (transferor court need not have personal jurisdiction over the defendants).

Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." As the Sixth Circuit has explained, district courts have broad discretion under the statute to determine when party convenience or the interest of justice make transfer appropriate. *Reese v. CNH America LLC*, 574 F.3d 315, 320 (6th Cir. 2009).

In ruling on a motion to transfer venue, a court typically considers factors relating to the convenience of the parties and the public interest. *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas,* 571 U.S. 49 (2013). Factors relating to the convenience of the parties include the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling witnesses, and the cost of obtaining attendance of willing witnesses; the possibility of a view of the premises, if relevant; and "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id*. at 581, n. 6. Factors relating to the public interest include the local interest in having localized disputes decided at home; the administrative difficulties resulting from court congestion; and the interest in having a trial of a diversity case in a forum at home with the law that will be applied. *Id; see also Means v. United States Conference of Catholic Bishops*, 836 F.3d 643, 651 (6th Cir. 2016). Courts are also to give some weight to the plaintiff's choice of forum. *Atl. Marine Const. Co.*, 571 U.S. at 581, n. 6. The burden of demonstrating transfer is warranted is on the moving party. *Means,* 836 F.3d at 652, n. 7.

As a threshold issue under the statute, the Court considers whether the proposed venue is a district where this action "might have been brought." Here, neither party disputes venue would be proper in the Southern District of Indiana.

The Complaint alleges Wilco Life's headquarters are in Nashville, Tennessee, or, in the alternative, that that Wilco Life's Nashville, Tennessee, business operations facilitated the COI rate increase and a substantial part of the events giving rise to Ms. West's claims occurrent in this District. (Doc. No. 1, ¶¶ 27-28). The basis for these allegations is that policy correspondence has a return address that is a Nashville, Tennessee, post office box. (Doc. No. 1, ¶ 22; *see also*, Doc. No. 25).

Defendant claims Plaintiff is mistaken about Wilco Life's Nashville, Tennessee, operations. Enrico Treglia, Senior Vice President of Wilco Re, states that Wilco Life does not have a company office or headquarters in Tennessee, does not own or lease any real property in Tennessee, and does not have any officers or employees in Tennessee. (Doc. No. 17-1, ¶¶ 5-6). Mr. Treglia explains that after the Conseco Life acquisition in 2014, policy administration was transferred to Alliance One, Inc., a third-party administrator, which has operations in several states, including Tennessee. (*Id.*, ¶ 16). Alliance One is a separate legal entity from Wilco Life, is not a subsidiary or affiliate of Wilton Re, and does not have authority to make decisions regarding COI rates for the policies at issue. (*Id.*).

Defendant seeks to transfer venue to the Southern District of Indiana because that District is more convenient for many of the non-party witnesses in this case, many of the documents and electronic evidence are located there and it is the place where the decisions regarding the COI rate increase took place. Defendant argues that litigation the Middle District of Tennessee is inconvenient for virtually all of the parties and witnesses, the underlying facts have no connection

4

to Tennessee, and Indiana has a far greater interest in resolving a dispute involving an Indiana-incorporated insurance company about policy decisions made in Indiana.

Specifically, Defendant argues that the crux of Plaintiff's claim is that the 2011 COI rate increase was made for impermissible reasons and that the people who participated in rate increase decision worked for Wilco Life's former parent company and affiliate in Indiana. Defendant states that none of the individuals with knowledge of facts regarding the COI rate increase decision work for Wilco Life. (Treglia Decl., ¶ 11). Defendant has provided a list of seven potential witnesses – CNO Financial and CNO Services employees who were likely involved in the 2011 decision. Four of these potential witnesses are still employed by CNO Services and one who is a consultant in the Indianapolis area. (*Id*., ¶¶ 9, 10). The two remaining potential witnesses live in Chicago, Illinois, and Minneapolis, Minnesota. (*Id*., ¶ 10). Defendant notes that because these individuals do not work for Wilco Life, and do not reside, work, or transact business within 100 miles, they cannot be compelled to testify in the Middle District of Tennessee. *See* Fed. R. Civ. P. 45(c). In addition, Defendants assert that, with limited exceptions, emails and hard copy documents related to the 2011 rate increase remained with CNO Financial and CNO Services after the acquisition, and, to the extent they have been maintained or archived, these documents are in Carmel, Indiana. (Treglia Decl., ¶ 12).

Addressing the public interests, Defendant argues that Indiana has a strong interest in adjudicating this lawsuit because Wilco Life is an Indiana corporation subject to regulation by the Indiana Department of Insurance and the majority of the relevant conduct took place in Indiana. Defendant argues that this case, which involves a policy issued from Indiana to a Florida resident will involve questions of Indiana and Florida insurance law and, given the slight connection to Tennessee is of little interest to the forum state.

Regarding deference to the Plaintiff's choice of forum, Defendant acknowledges that although a plaintiff's choice of venue is normally entitled to great deference, such deference is not warranted here because Plaintiff is not a resident of the forum state and seeks to represent a nationwide class of plaintiffs. Moreover, Defendant argues the operative facts underlying the cause of action did not occur within the forum.

Plaintiff opposes transfer of venue to the Southern District of Indiana. Plaintiff argues that her choice of forum is entitled to deference, albeit less deference than in other circumstances. (*See* Doc. No. 24 at 15, n. 10 (acknowledging her choice of forum is entitled to less deference because she resides in Florida and brings a putative class action)). She contends her choice of venue is nevertheless entitled to deference because policy correspondence lists a post office box in Nashville, Tennessee, and the policy administration that made the alleged overcharges possible occurred there.

Plaintiff argues that it is premature to determine whether the Middle District of Tennessee is an inconvenient forum based on the residence of the parties or potential witnesses. She contends that at this early stage of the litigation, it is unclear whether this district or the Southern District of Indiana will provide a more convenient forum for potential witnesses and that potential witness will likely be spread throughout the country – making any forum inconvenient for some potential witnesses and convenient for others. Plaintiff argues that the residence of the parties does not weigh in favor of transferring the case to the Southern District of Indiana because although Defendant has a "statutory home office" in Indiana, its corporate representatives are in Norwalk, Connecticut, and will, therefore, be equally inconvenienced whether the case remains in this District or is transferred to the Southern District of Indiana.

Plaintiff contends Nashville, Tennessee, is the location of the events giving rise to her dispute. She reasons that part of her claim is for COI monthly overcharges and that the policy administration that made the disputed COI charges possible occurred in Nashville.

Regarding the public interests, Plaintiff argues that Defendant's alleged misconduct occurred "in substantial part" in this District. Plaintiff also alleges that Defendant has sold policies and other life insurances products to Tennessee residents and that Tennessee, therefore, has a compelling interest to police the conduct of Wilco Life. Plaintiff further argues that the Court is will-equipped to handle issues of foreign state law.

Plaintiff requests the Court allow her to conduct limited jurisdictional discovery to determine the extent of Wilco Life's Tennessee operations and this District's connection to her claims rather than transfer or dismiss the case. Specifically, Plaintiff seeks to determine: "(1) the administrative and other services performed by Wilco in Tennessee or for Wilco through Alliance One and possibly Wilton Re in Tennessee; (2) the location and nature of relevant documents […]; (3) the extent Wilco's executives, employees, and its third-party actuaries and other experts participated in implementing or continuing the COI rate increase and where those executives, employees, and third parties reside and primarily transact business." (Doc. No. 24 at 22).

Although the Court may permit discovery, it is not required to do so. *See Means*, 836 F.3d at 652, n. 7 (stating that the district court was not required to permit venue discovery prior to granting the motion to transfer venue). The Court does not find that discovery is warranted here where predominant allegations in the Complaint involve Indiana corporations acting in Indiana and the allegations connecting this case to Tennessee are sparse.

The Court concludes that the relevant factors strongly support Defendant's request for transfer. The public interests weigh very strongly in favor of transferring this case to the Southern

7

District of Indiana. The Complaint states that "most of the time relevant to this action" was before the acquisition and while the policies at issues were administered by CNO Financial and CNO Services, makes detailed and lengthy allegations of self-dealing and civil settlements involving CNO Financial, Wilco Life's former corporate parent, and alleges the COI rate increase was improperly undertaken to offset these losses and expenses. (Doc. No. 1, ¶¶ 4-5, 68, 79-124). Indiana has a far greater interest in the subject of this litigation which involves claims against an Indiana insurance company with regard to corporate decisions made in Indiana. Tennessee has comparatively limited interest in adjudicating this case – its connection being that a third-party administrator sends policy correspondence from a Nashville address, and the possibility that some yet-to-be-identified class members reside in Tennessee.

With regard to the convenience of the parties and witnesses, the Court agrees with Plaintiff that that physical location of documentary evidence is of lesser importance in modern litigation, the same is not true of non-party witnesses. Thus, the convenience of third-party witnesses and the availability of compulsory process weigh in favor of transfer. Finally, while the Court gives deference to the Plaintiff's choice of forum, even Plaintiff acknowledges less deference is afforded because she does not reside in this forum and is bringing the lawsuit on behalf of a nationwide class.

In sum, having weighed the relevant factors under Section 1404(a), the Court concludes that Defendant has carried its burden to show that this case should be transferred to the Southern District of Indiana.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Transfer Venue (Doc. No. 16) is **GRANTED**. Accordingly, this action is **TRANSFERRED** to the United States District Court for the Southern District of Indiana.

An appropriate Order shall enter.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE